IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32612-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GERHARD R. WINTERMEIER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — A jury convicted Gerhard Wintermeier of two counts of delivery of a controlled substance and one count of possession of a controlled substance with intent to deliver. For each count, the jury also found that Wintermeier committed the offense within one thousand feet of a school bus stop. Thus, the trial court imposed a sentencing enhancement for each conviction. On appeal, Wintermeier contends insufficient evidence support the school bus stop findings.

## FACTS

On June 5, 2013, Gerhard Wintermeier sold methamphetamine to a confidential informant in the parking lot of a Wenatchee Wal-Mart Stores, Inc. (Walmart).

Wintermeier sat in the driver's seat of his van, when he handed the methamphetamine to the informant, who stood next to the van. Wintermeier retrieved the drug from a lock box under the van's passenger seat.

Katie Harris, an employee of the Wenatchee School District transportation department, testified at trial to the presence of two bus stops near the Walmart parking lot. One stop lies at the intersection of Horse Lake Road and Honeysett Street and the other stop approaches the intersection of Harbell Street and Maiden Lane. Washington State Patrol Detective Grant Giacomazzi measured the distance between the site of the Walmart store parking lot and the school bus stop at Horse Lake Road and Honeysett Street as being 370 feet.

On June 26, 2013, Gerhard Wintermeier sold more methamphetamine to the same confidential informant in front of Buckboard Café, in pastoral Peshastin. Wintermeier drove his van to the cafe. Wintermeier handed methamphetamine to the informant through the van's driver's side window and received $200 in return.

Timothy Bentz, transportation director for Cascade School District, testified at trial to the school bus stop at Rollercoaster Road and U.S. Highway 97 as being the closest stop to the location of Gerhard Wintermeier's second sale. Detective Grant Giacomazzi, who observed the sale, measured the distance between the site of this sale and the school bus stop as being 528 feet.

Law enforcement tailed Gerhard Wintermeier as he drove his van from the June 26 sale. Wintermeier turned onto Highway 2 and drove toward Leavenworth. Detective Jordan Orrell and Sergeant Chris Foreman stopped and arrested Wintermeier in front of Smallwood's Harvest, a large fruit stand. Wintermeier, with the hope of becoming an informant himself, admitted that his van contained more methamphetamine and that he intended to sell the controlled substance. On June 27, Detective Giacomazzi obtained and executed a search warrant for the van. He found methamphetamine inside a lock box within the van.

Transportation director Timothy Bentz testified at trial to the existence of a school bus stop "right at the entrance" of Smallwood's Harvest. Report of Proceedings (RP) at 121. Detective Giacomazzi did not measure the distance between Smallwood's Harvest and the stop.

## PROCEDURE

The State of Washington charged Gerhard Wintermeier with three crimes: (1) unlawful delivery of a controlled substance on June 5, 2013, (2) unlawful delivery of a controlled substance on June 26, 2013, and (3) unlawful possession of a controlled substance with intent to deliver on June 26, 2013. For all three counts, the State additionally alleged that Wintermeier committed the offense within one thousand feet of a school bus stop in violation of RCW 69.50.435(1)(c) and RCW 9.94A.533(6).

On the day preceding trial, the State added Katie Harris to its witness list. Defense counsel for Gerhard Wintermeier moved to strike Harris' testimony as a violation of CrR 4.7(a)(1), which requires the disclosure of intended witnesses no later than the omnibus hearing. The trial court denied the motion, but granted other relief to Wintermeier. The court delayed Harris' testimony until defense counsel interviewed her. The court also directed the State to supply a law enforcement officer to measure, in the presence of defense counsel, the distances between the respective sites of sale and the nearest school bus stop, or, in the alternative, granted Wintermeier the opportunity to hire an investigator to measure each distance at the expense of the State. Wintermeier failed to avail himself of any relief granted.

At trial, as already noted, Timothy Bentz, Katie Harris, and Detective Grant Giacomazzi testified to the existence of various bus stops and their respective proximity to where Gerhard Wintermeier delivered or possessed methamphetamine. Defense counsel declined to cross-examine Katie Harris.

In closing arguments, the State argued for the bus stop sentence enhancement for count three, possession at Smallwood's Harvest with intent to deliver, as follows:

> There's also a school bus stop allegation for this offense. And that's established in two ways. Number one, obviously, what was found in the van by the police on the 27th, the day they searched it, the day after the 26th, they found methamphetamine in the van and obviously, he had it in the van when he was at the Buckboard Cafe when he made the delivery to Mr. Wooten, so the crime of possession with intent to deliver obviously happened within 528 feet of the school bus stop on Rollercoaster Road.

4

But in addition to that, the clear evidence in this case is, when he was stopped by Smallwood's, the testimony by Mr. Bentz was that there was a school bus stop right there at that business. No need to even do a measurement. It's ground zero right there. And so there were two bus stops involved in that. And again, I would submit the State's proven beyond a reasonable doubt that that crime of possession with intent to deliver happened within 1,000 feet of a school bus stop.

RP at 272-73.

The jury found Gerhard Wintermeier guilty as charged on all counts. The jury also found by special verdict that Wintermeier committed each of these offenses within 1,000 feet of a school bus route. The trial court's sentence reflected school bus stop sentencing enhancements.

## LAW AND ANALYSIS

All issues on appeal surround a school bus stop sentencing enhancement. RCW 69.50.435(1) provides:

Any person who violates RCW 69.50.401 . . . [w]ithin one thousand feet of a school bus route stop designated by the school district . . . may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter.

RCW 9.94A.533(6) reads:

An additional twenty-four months shall be added to the standard sentence range for any ranked offense involving a violation of chapter 69.50 RCW if the offense was also a violation of RCW 69.50.435 . . ., [which] shall run consecutively to all other sentencing provisions.

On appeal, Gerhard Wintermeier contends the State failed to present sufficient evidence to support school bus stop sentence enhancements for all three of his

5

convictions. A sufficiency of the evidence challenge admits the truth of the State's evidence while allowing all reasonable inferences to be drawn in the State's favor. *State v. Vars*, 157 Wn. App. 482, 496, 237 P.3d 378 (2010). Evidence is sufficient if, after viewing it in the light most favorable to the State, a rational trier of fact could find each element of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). We address the enhancements as they pertain to each count.

### *Count 1: Unlawful Delivery at Walmart*

Gerhard Wintermeier does not directly challenge the sufficiency of evidence to convict him for delivery of methamphetamine at the ubiquitous Walmart. Instead, in his statement of additional grounds (SAG), Wintermeier contends his trial counsel was ineffective for not accepting the trial court's offer to interview Katie Harris prior to her testifying, or hiring an independent investigator to measure the distance between the site of the June 5, 2013 sale and the school bus stop at Horse Lake Road and Honeysett Street. Wintermeier argues that, if his counsel accepted the offer, the jury could have found against the enhancement.

A claim of ineffective assistance of counsel requires a showing that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Deficient performance occurs when counsel's performance falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997), *post conviction relief*

6

*granted on other grounds by In re Stenson*, 174 Wn.2d 474, 276 P.3d 286 (2012). Prejudice occurs when, but for the deficient performance, the outcome would have differed. *In re Pers. Restraint of Pirtle*, 136 Wn.2d 467, 487, 965 P.2d 593 (1998). If an appellant fails to show one prong of the test, this court need not address the remaining prong. *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996), *overruled on other grounds by Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 166 L. Ed. 2d 482 (2006).

Gerhard Wintermeier cannot show prejudice. To establish that prejudice resulted from trial counsel's inaction, Wintermeier must show that action by counsel could have overcome the evidence against him. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 720, 101 P.3d 1 (2004). Wintermeier does not claim that an interview or cross-examination of Katie Harris would have created doubt as to the presence of a school bus stop at Horse Lake Road and Honeysett. Nor does Wintermeier assert that a second measurement would have differed from 370 feet. Since no prejudice resulted from counsel's inaction, Wintermeier's ineffective assistance claim necessarily fails.

### *Count 2: Unlawful Delivery at Buckboard Cafe*

Gerhard Wintermeier challenges the sufficiency of evidence for the school bus stop sentencing enhancement for count two by characterizing such evidence as "highly suspect." Wintermeier underlines the lack of testimony as to the precise location of the bus stop near Buckboard Cafe. Wintermeier contends that the State failed to submit evidence as to the location of the school bus stop in relation to the relevant intersection

7

and the nature of any bus stop. Wintermeier asks, among other questions, why the State never submitted a map for review.

Gerhard Wintermeier's criticisms of the evidence are better suited for cross-examination and closing arguments. Timothy Bentz testified to the location of a stop at Rollercoaster Road and U.S. 97, and Detective Grant Giacomazzi testified to its distance to Buckboard Café. In a light most favorable to the State, this evidence supports the jury's special verdict finding for the second count of delivery.

### Count 3: Unlawful Possession at Smallwood's Harvest

Gerhard Wintermeier's challenge to the sufficiency of evidence to convict him of unlawful possession with intent to deliver poses a legal question rather than an evidentiary question. Wintermeier contends he did not voluntarily go to Smallwood's Harvest. Wintermeier argues a voluntary act must support the sentencing enhancement.

Gerhard Wintermeier principally relies on *State v. Eaton*, 168 Wn.2d 476, 229 P.3d 704 (2010). Officers arrested Thomas Eaton for driving under the influence (DUI) of alcohol, and the officers escorted Eaton to the county jail. Jail staff searched Eaton's body and discovered a bag of methamphetamine taped to his sock. The State charged Eaton with DUI and possession of methamphetamine and sought a sentencing enhancement for possessing a controlled substance in a jail or prison. A jury convicted Eaton on both charges and found by special verdict that Eaton possessed methamphetamine while in jail. The trial court imposed an enhanced sentence, since

8

RCW 9.94A.533(5) creates a sentence enhancement for possession of a controlled substance in a jail. The Supreme Court affirmed this court's reversal of the enhancement and held that RCW 9.94A.533(5) requires that a defendant take some voluntary act to be placed within the enhanced zone.

*Eaton* is inapposite to this case for at least two reasons. First, the school bus stop sentence enhancement statute, RCW 69.50.435(2), reads, in part: "It is not a defense to a prosecution for a violation of this section that the person was unaware that the prohibited conduct took place while in a school or school bus or within one thousand feet of the school or school bus route stop." RCW 9.94A.533, the jail enhancement statute, contains no similar provision or defense.

Second, Wintermeier, while intending to sell the drug, possessed this additional methamphetamine at Buckboard Café, another location near a school bus stop. The State did not need to rely on the stop at Smallwood's Harvest to convict for possession with intent to deliver.

The State also argues that, although Gerhard Wintermeier did not choose to stop at Smallwood's Harvest, he voluntarily drove the route along the fruit stand. According to the State, law enforcement's forced stop of Wintermeier at Smallwood's Harvest does not negate his culpability, since the school bus stop enhancement statute does not require an intent to deliver within a particular area, only an intent to deliver. *State v. McGee*, 122

9

No. 32612-8-III
*State v. Wintermeier*

Wn.2d 783, 788, 864 P.2d 912 (1993). We do not rest our decision on this additional argument.

CONCLUSION

Sufficient evidence supports the school bus stop sentencing enhancement for all three crimes charged against Gerhard Wintermeier. We affirm his three convictions.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

10